AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO
JAN 24 2025
MITCHELL R. ELFERS
CLERK OF COURT

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
a black in color Samsung cellular phone

Case No. 25MR122

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
a black in color Samsung Cellular Telephone (Subject Telephone), more fully described in Attachment A, which is attached and fully incorporated,

located in the _____ District of ___New Mexico___ , there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B, attached and incorporated fully by reference herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 8 USC 1324 (a)(1)(A)(v)(i) | knowing or in reckless disregard of the fact that an alien, had come to, entered, or remained in the United States in violation of law, transport, or move or attempt to transport or move such aliens within the United States by means of transportation |

The application is based on these facts:
See attached affidavit, Attachement C, attached and incorporated fully by reference herein.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of ____ days *(give exact ending date if more than 30 days: _____ )* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Applicant's signature

Melina Ayub, Border Patrol Agent
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____
*(specify reliable electronic means)*.

Date: 01-24-2025

City and state: Las Cruces, New Mexico

KEVIN R. SWEAZEA
U.S. MAGISTRATE JUDGE
Printed name and title

## ATTACHMENT A

## PROPERTY TO BE SEARCHED

The affidavit, *see* **Attachment C**, is submitted in support of the warrant to search and seize information, more fully described in **Attachment B**, contained in the following electronic device (referred to in **Attachment B** and **Attachment C** as the Subject Telephone):

## Subject Telephone

The property to be searched is a black in color Samsung cellular telephone (hereinafter "Subject Telephone") which was seized from GUTIERREZ-Olveda, Diego Ivan after his arrest on December 18, 2024. Subject Telephone is currently in the custody of the United States Border Patrol at the Deming, New Mexico Border Patrol Station.



## **ATTACHMENT B**

## **PARTICULAR THINGS TO BE SEIZED/INFORMATION TO BE RETRIEVED**

All records or information stored on Subject Telephone described in **Attachment A** that relate to violations of 8 USC § 1324, including:

1. Digital, cellular, direct connect, and/or other phone numbers, names, addresses, and other identifying information of co-conspirators and other associates of the user of the Subject Telephone;

2. Digital, cellular, direct connect, and/or other phone numbers dialed from, which contacted, or which are otherwise stored on, the Subject Telephone, along with the date and time each such communication occurred;

3. Any message logs or messages, whether sent from, to, or drafted on, the Subject Telephone, along with the date and time each such communication occurred;

4. The content of voice mail messages stored on the Subject Telephone, along with the date and time each such communication occurred;

5. Photographs or video recordings, along with the date and time each such photograph or video recording was created;

6. Information relating to the schedule, whereabouts, or travel of the user of the Subject Telephone;

7. Information relating to other methods of communications utilized by the user of the Subject Telephone and stored on the Subject Telephone;

8. Bank records, checks, credit card bills, account information and other financial records; and

9. Evidence of user attribution showing who used or owned the Subject Telephone, such as logs, phonebooks, saved usernames and passwords, documents, and internet browsing history.

As used above, the terms "records" and "information" include all items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer of electronic storage (such as flash memory or other media that can store data) and any photographic form.

## ATTACHMENT C

## AFFIDAVIT IN SUPPORT OF ORDER AUTHORIZING SEARCH WARRANT

I, Melina Ayub, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION

1.   I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of the cellphone described in Attachment A, which is currently in law enforcement possession, and the extraction from that cellphone of the electronically stored information described in Attachment B.

### AGENT BACKGROUND

2.   I am a U.S. Border Patrol Agent, and I have been a federal law enforcement officer since 2022 with the U.S. Border Patrol, which is a division of U.S. Customs and Border Protection. I am currently assigned to the Disrupt Unit at the Deming, New Mexico Border Patrol Station. I am empowered, as a Border Patrol Agent, to affect arrests, conduct searches, and perform seizures for violations of various federal laws. I have participated in numerous alien smuggling investigations, either as a case agent or in various support roles. Additionally, I have arrested numerous individuals involved in alien smuggling cases stemming from Mexico into the United States.

3.   I am familiar with the facts and circumstances of this investigation as a result of my personal participation in the investigation, discussions with other agents involved in the investigation, and review of reports written by myself, other agents, and other evidence and materials concerning the investigation.

4.   Through my training and experience, I know that alien smugglers often maintain one or more cellular or smart telephones (devices) which they use to further their smuggling

schemes. Alien smugglers and alien smuggling organizations use these devices to communicate operational directives and information concerning the conduct of their organization's illegal activities to other members of the organization. I know based upon my training and experience that timely communication of information between organizational members is critical to the overall success of an organization's illegal activities. The critical nature of this information is derived from the necessity of the organization's members to provide instructions for the smuggling and transportation of the people being smuggled.

5.  I further know from my training and experience that a cache of information, including dialed, received, or missed calls and messages sent, received, or placed in draft status, can be found on these devices. I know that the identities and telephone numbers of other participants in the alien smuggling activity are often maintained in the contact lists of these devices. In my experience, alien smugglers also use these devices to take and store photographs or video recordings of themselves with their co-conspirators and with contraband, including smuggled illegal aliens, narcotics, currency, and firearms. Alien smugglers also use the GPS or applications that log location information, which can reveal their whereabouts when they conducted or arranged alien smuggling activities or travel. In my experience, the devices used by alien smugglers often contain evidence relating to their alien smuggling activities including, but not limited to, contact lists, lists of recent call activity, stored text, chat, and voice mail messages, photographs and video recordings, GPS and location information, and financial accounts and records.

6.  I also know that some devices utilize subscriber identity module ("SIM") cards. A SIM card is a chip that is used to authenticate a device to a network. The SIM card generally contains subscriber information and authentication information, and it may contain contacts and encryption information. The portability of SIM cards in some devices allows a user

to easily change devices, while maintaining the same telephone number, by removing the card from one device and inserting it into another. While SIM cards may have the capability to store some of the evidence described above, the storage capacity of devices tends to far exceed that of SIM cards. Which information is stored on the SIM card, on the device, or in both locations varies and depends on variables such as the user-defined settings on the device and the memory capacity of the SIM card. Accordingly, information pertaining to alien smuggling activity may be located on the SIM card itself, as well as the device in which the SIM card was inserted.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

7. The property to be searched is a black in color Samsung cellular telephone and any SIM card or other storage media contained therein (hereinafter "the Subject Telephone"). The Subject Telephone was seized from GUTIERREZ-Olveda, Diego Ivan on December 18, 2024, after he was arrested for Transporting Illegal Aliens, in violation of 8 U.S.C. § 1324, by U.S. Border Patrol agents in Deming, New Mexico. The Subject Telephone is currently located at the United States Border Patrol Station in Deming, New Mexico.

8. The applied-for warrant would authorize the forensic examination of the Subject Telephone for the purpose of identifying electronically stored data particularly described in Attachment B.

9. Based on my training and experience, alien smugglers often utilize cell phone applications such as WhatsApp and Google Maps to assist them in their illicit activities. Alien smugglers have often utilized WhatsApp to coordinate their travel itinerary and locations to other alien smugglers.

10. Based on my training, experience, and research, I know that devices, such as the Subject Telephone, which GUTIERREZ-Olvedo claimed ownership of, possesses capabilities

that allow them to serve as a wireless telephone, digital camera, and GPS navigation device. Additionally, the Subject Telephone has both web browsing and Wi-Fi capabilities. In my training and experience, examining data, including location data, stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device as well as when the individual used the device and where they were when they used the device.

## PROBABLE CAUSE

11. Because this Affidavit is being submitted for the limited purpose of establishing probable cause, I have not included each, and every known fact regarding the instant investigation. More specifically, I have set forth only pertinent facts that I believe are necessary to establish probable cause to search Subject Telephone for evidence of violations of 8 U.S.C. § 1324.

12. The request to search the Subject Telephone is based on the following: On December 18, 2024, a Border Patrol Agent assigned to the Deming Border Patrol Station Disrupt Unit received information that two vehicles were traveling in tandem eastbound on New Mexico State Road (NMSR) 9. The vehicles were described as a black in color BMW and a tan in color Jeep Cherokee. This is a common tactic used by smuggling organizations who travel from Columbus to the desolate area on NMSR 9 and pick up illegal aliens (IA) and travel back to Columbus after picking up IAs.

13. Border Patrol Agents attempted to locate the aforementioned vehicles in Columbus but were unsuccessful. During a vehicle stop on NMSR 11 just north of the Border Patrol Checkpoint, a Border Patrol Agent noticed a tan Jeep Cherokee which matched the

description provided earlier pass his location at a high rate of speed. When the Border Patrol agent caught up to the vehicle, it reduced its speed drastically to below posted speed limit. The vehicle began to swerve within its own lane. The vehicle appeared to be heavily laden in the rear as if it was heavily loaded. The agent also observed several heads moving around inside of the vehicle. During this time, the Border Patrol Checkpoint located in NMSR 11, mile post 13, was not inspecting vehicles. Smuggling organizations exploit closure of Border Patrol Checkpoints to further their contraband into the United States. Due to the aforementioned facts, the Border Patrol Agent initiated an investigatory stop regarding alien smuggling by activating the lights and sirens of his government issued vehicle. The vehicle yielded at mile post 23 of NMSR 11.

14. Once the Border Patrol Agent approached the vehicle and identified himself as a Border Patrol Agent in English. The driver who was later identified as Diego Ivan GUTIERREZ-Olveda replied in Spanish that he didn't understand English. The Border Patrol Agent questioned GUTIERREZ-Olveda as to his citizenship. GUTIERREZ-Olveda stated he was not a United States Citizen but was in possession of a Border Crossing Card. After questioning all passengers, it was determined that all passengers were illegally in the United States. All subjects to include GUTIERREZ-Olveda were placed under arrest and transported to the Deming Border Patrol Station for further questioning and investigation.

15. Once at the Deming Border Patrol Station, GUTIERREZ-Olveda was presented with his Miranda Rights and agreed to answer questions without the presence of an attorney. GUTIERREZ-Olveda stated that he is a Mexican citizen with a valid Border Crossing Card. GUTIERREZ-Olveda received a job offer from a known individual to transport the IAs from Columbus to Deming, New Mexico. GUTIERREZ-Olveda accepted the offer and performed the job knowing he was transporting illegal aliens (IA). GUTIERREZ-Olveda also mentioned he

was going to get compensated financially with $100.00 U.S. dollars per IA and crystal methamphetamine. GUTIERREZ-Olveda was instructed by a male passenger, to pick up illegal citizens at the Plaza Park in Columbus, New Mexico. GUTIERREZ-Olveda disclosed that he had performed a transporting job earlier in the day where he took three illegal citizens to a residence in Deming, New Mexico. GUTIERREZ-Olveda further stated that he was going to drop off the four IAs he had picked up at the Plaza Park and take them to the same residence he left the other three. GUTIERREZ-Olveda stated he had a scout vehicle that was looking out for law enforcement ahead of him. GUTIERREZ-Olveda described said vehicle as a black sedan. GUTIERREZ-Olveda admitted to successfully transporting IAs several times in the past to Deming and Albuquerque. As GUTIERREZ-Olveda was transporting the IAs north of NMSR 11, he was subsequently stopped and arrested for his role in the failed smuggling scheme.

16. Based upon the information contained in this Affidavit, there is probable cause to believe that the Subject Telephone contains evidence of violations of 8 U.S.C. § 1324: Conspiracy to Transport Illegal Aliens.

### ELECTRONIC STORAGE & FORENSIC ANALYSIS

17. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. This information can sometimes be recovered with forensics tools.

18. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Subject Telephone was used, the purpose of its use, who used the Subject Telephone, and

when. There is probable cause to believe that this forensic electronic evidence might be on the Subject Telephone because:

   a. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   b. A person with appropriate familiarity with how an electronic device works and the data generated by such devices may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

   c. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a device is evidence may depend on other information stored on the device and the application of knowledge about how a device behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

   d. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

19.  *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Subject Telephone consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might

expose many parts of the Subject Telephone to human inspection in order to determine whether it is evidence described by the warrant.

20. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

21. Based on the above information, there is probable cause to believe that evidence of violations of 8 U.S.C. § 1324 are located in the Subject Telephone. Therefore, I respectfully request that this Court issue a search warrant for the Subject Telephone, more particularly described Attachment A, authorizing the seizure and examination of the items described in Attachment B.

Respectfully submitted,

_____
Melina Ayub
U.S. Border Patrol Agent

Electronically submitted and telephonically sworn to before me on January 24, 2025:

_____
Kevin R. Sweazea
United States Magistrate Judge